# Exhibit 1

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

August 12, 2016

New York Life Insurance Company
51 Madison Ave, Room 10 S B, % Robert K;
New York, NY 10010
NAIC # 66915

Certified Mail
Return Receipt Requested
7015 0640 0007 0044 9683
Cashier # 27370

Re:   Marcella Johnson   V.   New York Life Insurance Company

Docket # Ct-003190-16

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 11, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

RECEIVED
AUG 2 2 2016
OFFICE OF THE GENERAL COUNSEL
LITIGATION SECTION

(CIRCUIT/~~CHANCERY~~) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2016 Aug 05 PM 3:13
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

● Lawsuit
○ Divorce

Docket No. CT-003190-16

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| MARCELLA JOHNSON | VS | NEW YORK LIFE INSURANCE COMPANY, and AARP, individually and d/b/a AARP LIFE INSURANCE TRUST d/b/a AARP LIFE INSURANCE PROGRAM |

TO: (Name and Address of Defendant (One defendant per summons))

New York Life Insurance Company
51 Madison Avenue
New York, NY 10010

(Serve through Commissioner of Insurance)

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
● Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JAMES W. COOK   Plaintiff's attorney, whose address is 9057 Valley Crest Lane, Suite 102, Germantown, TN 38138 telephone 901-753-5898   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

RECEIVED
AUG 2 2 2016
OFFICE OF THE GENERAL COUNSEL
LITIGATION SECTION

 **CT Corporation**

**Service of Process Transmittal**
08/17/2016
CT Log Number 529693988

**TO:** Charlene Wilson
AARP
601 E St NW Rm A10-100
Washington, DC 20049-0003

**RE:** **Process Served in Tennessee**

**FOR:** AARP  (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marcella Johnson, Pltf. vs. New York Life Insurance Company and AARP, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return of Service, Attachment(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Shelby County Circuit Court, TN<br>Case # CT00319016 |
| **NATURE OF ACTION:** | Breach of life insurance contract - Personal injury claim |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/17/2016 at 11:00 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | James W. Cook<br>9057 Valley Crest Lane<br>Suite 102<br>Germantown, TN 38138<br>901-753-5898 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 783855318931<br><br>Image SOP<br><br>Email Notification, Cindy Lewin  clewin@aarp.org<br><br>Email Notification, Marissa Suero  msuero@aarp.org<br><br>Email Notification, Kelsy Bennett  kbennett@aarp.org<br><br>Email Notification, Charlene Wilson  CEWilson@aarp.org |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>216-802-2121 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(CIRCUIT ~~CHANCERY~~) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2016 Aug 05 PM 3:13
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. CT-003190-16

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

**Plaintiff(s):** MARCELLA JOHNSON

**Defendant(s):** NEW YORK LIFE INSURANCE COMPANY, and AARP, individually and d/b/a AARP LIFE INSURANCE TRUST d/b/a AARP LIFE INSURANCE PROGRAM

TO: (Name and Address of Defendant (One defendant per summons))

AARP, individually and d/b/a AARP Life Insurance Trust d/b/a AARP Life Insurance Program
Serve Registered Agent for Service of Process:
CT Corporation System
Suite 2021, 800 S. Gay Street
Knoxville, TN 37929-9710
(SERVE THROUGH KNOX COUNTY SHERIFF)

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
☉ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JAMES W. COOK Plaintiff's attorney, whose address is 9057 Valley Crest Lane, Suite 102, Germantown, TN 38138 telephone 901-753-5898 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

ELECTRONICALLY FILED
2016 Aug 05 PM 3:13
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARCELLA JOHNSON,

    Plaintiff,

vs.

NEW YORK LIFE INSURANCE COMPANY,
and AARP, individually and d/b/a AARP LIFE
INSURANCE TRUST d/b/a AARP LIFE
INSURANCE PROGRAM,

    Defendants.

No. CT-003190-16

**JURY DEMANDED**

## COMPLAINT FOR BREACH OF LIFE INSURANCE CONTRACT

    COMES NOW Plaintiff, Marcella Johnson, (hereinafter referred to as "Plaintiff") and sues the Defendants, New York Life Insurance Company (hereinafter "New York Life") and AARP, individually and d/b/a AARP Life Insurance Trust d/b/a AARP Life Insurance Program (hereinafter "AARP"), and for cause therefor would state:

    1.    Plaintiff is an individual residing in Memphis, Shelby County, Tennessee, and the widow of Sherman Johnson, deceased.

    2.    New York Life is a foreign insurance company selling life insurance in the State of Tennessee.

    3.    AARP is a foreign corporation doing business in the State of Tennessee.

    4.    Plaintiff and her husband, Sherman Johnson, received a solicitation in the mail from AARP to purchase group level benefit term life insurance for members of AARP, said life insurance being underwritten by New York Life.

1

5.     It is believed and so alleged that AARP and New York Life each received compensation for the sale of these group insurance policies and specifically the policy of Sherman Johnson. Both Plaintiff and her late husband Sherman Johnson were offered the opportunity to fill out a Member Enrollment Form for an AARP Level Benefits Term Life Insurance Policy and asked to respond by October 30, 2013. The enrollment form included a Statement of Health consisting of three parts that inquired as to each person's illness and hospital history for the past two (2) years and whether or not he or she had consulted a doctor or had treatment, medication or diagnostic tests of any type in the past three (3) months. Mr. and Mrs. Johnson reviewed and signed the form on October 18, 2013 after work that day. That day was a Friday and by the time they had begun to review and fill out the form their doctor's office had closed.

6.     The first two inquiries under Statement of Health involved treatment, medication or a diagnosis of a serious disease, such as heart trouble, stroke, cancer, etc., while the second question concerned whether either one had been admitted or confined to a hospital, sanitorium, nursing home, extended care or special treatment facility in the past two (2) years. These questions involved big events that would be readily called to mind. The third question concerned whether either of them had even talked to a doctor in the past three (3) months. On the small events inquired about, they discussed Mr. Johnson's last contact with a doctor and believed that it had been more than three (3) months before and the contact did not involve treatment. Since the enrollment form asked each of them to answer to the best of his or her knowledge and belief, Mr. Johnson honestly answered that, to the best of his knowledge and belief, he had not undergone any of the events set forth in paragraph 3. Mr. Johnson's doctor's office was closed at the time the form was filled out and the reasonable reading of the form did not ask him to

warrant, swear to or certify his answer, which would have put him on alert that the insurance company would require a stricter standard than just the best of his knowledge and belief. A copy of said Member Enrollment Form is attached hereto as **Exhibit 1**.

7. Sherman Johnson's Member Enrollment Form was approved by Defendants and his insurance policy became effective according to his Certificate of Coverage on November 5, 2013. The insurance application further stated that "if material facts have been misstated here, benefits may be denied if the insured's death occurs within the first two (2) years after the Insurance Date." As provided above, coverage might be denied if the proposed insured died within the first two (2) years after the Insurance Date, November 5, 2013, not after two (2) years from the Member Enrollment Form date. The measuring periods for time limits were measured from the date the insurance went into effect. That is the clear meaning set forth in the Member Enrollment Form and said Member Enrollment Form was drafted by Defendants, who must have intended that meaning.

8. When Mr. Johnson received his insurance policy, it contained at page 4 in the section titled "IMPORTANT NOTICE." Said Important Notice set forth the definition of "misstatements" as concerns this policy. It provides:

> MISSTATEMENTS -- If relevant statements of AGE AT ISSUE or sex were not accurate for any person: (a) a fair adjustment of remittances and/or insurance will be made; and (b) based upon the facts, WE will decide whether, and what, insurance is valid under the POLICY. If the AGE AT ISSUE or sex is incorrect but such person would have qualified as an ELIGIBLE MEMBER on the INSURANCE DATE with the correct information, the amount payable under the POLICY will be the amount the premiums would have purchased at the correct AGE AT ISSUE or sex.

Also at page 4 in the section titled "INCONTESTABILITY" the policy states:

> INCONTESTABILITY – Except for nonpayment of PREMIUMS, WE cannot contest the validity of the insurance or reinstated insurance after it has been in force for two years during the INSURED's lifetime from: (1) the INSURANCE

3

> DATE, and (2) the date the insurance is reinstated, if applicable. To contest, WE will only rely upon statements signed by the OWNER in applying for such insurance. A copy of all statements must be furnished to the OWNER or to the beneficiary. Such statements are representations, not warranties.

A copy of page 4 of the policy is attached hereto as **Exhibit 2**.

9. Page 4 of the policy makes it clear that misstatements which might void the policy concern age or sex and in the event Defendants wish to contest the policy, as stated in the Incontestability section, Defendants would only rely upon statements signed by the owner in applying for such insurance and reaffirms the language of the Member Enrollment Form asking not for a warranty concerning medical visits in the last three (3) months but merely a representation, that is, to the best of Mr. Johnson's knowledge and belief, that the information he was giving was accurate and true.

10. The Member Enrollment Form (Exhibit 1), further provides under Section C a medical authorization form that would allow Defendants to contact any physician who had seen Mr. Johnson, as well as any hospital, healthcare provider, pharmacy, etc. While Defendants required that Mr. Johnson sign that authorization, they did not avail themselves of its use.

11. The late Mr. Johnson's policy was in the amount of $100,000.00 and pursuant to the policy was payable upon his death and satisfactory proof of his death, which was provided by Plaintiff, who is the beneficiary of said life insurance policy. Sherman Johnson died on September 7, 2015, in Memphis, Shelby County, Tennessee.

12. Demand has been made on behalf of Plaintiff that Defendants pay the benefit which the Johnsons had paid for and Defendants were advised that, if the benefits were not paid within 60 days of the demand, Plaintiff would file suit against them. This lawsuit is being filed more than 60 days after said notice. T.C.A. § 56-7-105 provides as follows:

4

**T.C.A. § 56-7-105. Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly.**

(a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

13. Plaintiff avers that at the time and place of the wrongs committed by Defendants, the State of Tennessee had set forth standards for insurers and claims entities in handling insureds' claims and that Defendants violated said standards. T.C.A. 56-8-105, *Unfair Claims Practice*, sets forth those standards and among those matters that constitute unfair claims practice are:

(1) Knowingly misrepresenting relevant facts or policy provisions relating to coverages at issue;

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(3) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

(4) Except when the prompt and good faith payment of claims is governed by more specific standards, not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(5) Compelling insureds or beneficiaries to a life insurance contract to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; provided, that equal consideration shall be given to the relationship between the amount

claimed and the amounts ultimately recovered through litigation or other valid legal arguments;

(6) Refusing to pay claims without conducting a reasonable investigation except when denied because of an electronic submission error by the claimant;

(7) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(8) Attempting to settle or settling claims for less than the amount that a reasonable person would believe the insured or beneficiary was entitled by reference to written or printed advertising material accompanying or made part of an application; provided, that this subdivision (8) does not apply to settlement of, or attempts to settle, claims by third-party claimants;

14. Plaintiff avers that at the time and place of this loss the State of Tennessee provided for pre-judgment interest for life insurance beneficiaries at T.C.A. § 56-7-315 as follows:

**T.C.A. § 56-7-315. Interest payable after receipt of claim.**

An insurer of a life insurance policy or annuity issued for delivery in this state, with respect to a claim for benefits by reason of the death of the insured or annuitant, shall pay interest beginning on the fifteenth day following the date of death of the insured or annuitant, with the interest compounded annually for a period not to exceed three (3) years from that date. The rate of interest payable shall not be less than the interest currently paid by the insurer with respect to proceeds left on deposit.

15. Plaintiff would state that Defendants have wrongfully claimed that the late Mr. Johnson misrepresented his contact with his physician, office visits, etc., as set forth in question 3 of the Member Enrollment Form by classifying that representation as a warranty or as certifying or swearing to, rather than what the enrollment form actually asked Mr. Johnson to do, that is, answer the question to the best of his knowledge and belief, which he did.

16. Plaintiff further avers that the late Mr. Johnson made misstatements on the Member Enrollment Form when, in fact, the only misstatements provided for on the Member Enrollment Form and on the policy itself are defined as dealing with age or sex.

17. As concerned question 3 on the enrollment form, the late Mr. Johnson's only contact with his doctor or diagnostic tests of any type occurred on July 25, 2013, seven (7) days before expiration of the undefined "three months." That visit and the diagnostic test did not show any serious disease or illness that would have represented an increased risk of loss, nor was Mr. Johnson's filling out of the form a misrepresentation or a warranty made with the actual intent to deceive, as provided in T.C.A. § 56-7-103, which states:

**56-7-103. Misrepresentation or warranty will not void policy – Exceptions.**

No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

18. Plaintiff avers that Defendant AARP violated the Tennessee Consumer Protection Act pursuant to T.C.A. § 47-18-101 *et seq.*, including but not limited to:

(9) Advertising goods or services with intent not to sell them as advertised;

(12) Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law;

(22) Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. An offer is not bona fide, even though the true facts are subsequently made known to the buyer, if the first contact or interview is secured by deception;

19. Defendants, in the business of selling, sponsoring and administering life insurance policies, knew that the death of a loved one can be a very trying and emotional time for those

that survive the deceased and particularly for Plaintiff, Marcella Johnson, who lost her husband. Defendants' actions in wrongfully denying the life insurance coverage purchased by her late husband, of which she was a beneficiary, caused her additional physical and emotional pain and distress as a result of both Defendants' negligent infliction of emotional distress and intentional infliction of emotional distress.

20. The action of Defendants in intentionally misrepresenting the terms of the policy and intentionally misrepresenting an existing, material fact or produces a false impression, in order to mislead another or to obtain undue advantage constituted egregious wrongs and were a conscious action of a reprehensible character. Defendants attempted to cheat its insured's widow out of the rightful benefits she was due under the policy he had purchased to help her and make her feel financially secure in the event of his death. As a result of Defendants' actions, Plaintiff suffered loss, damage and injury justifying the award of punitive damages.

21. Plaintiff demands that Defendants attach to their answer a copy of the group insurance policy under which the Certificate of Coverage herein was issued pursuant to T.C.A. § 56-7-107.

22. As a result of these acts by Defendants, Plaintiff has been damaged. She seeks to recover all damages to which she may be entitled under the law from Defendants which include but are not limited to the following:

(a) Breach of contract for $100,000.00 in life insurance proceeds;

(b) Loss of use of funds due under said policy of insurance;

(c) Statutory pre-judgment interest as set forth in this Complaint;

(d) 25% penalty for bad faith as set forth in this Complaint;

(e) All applicable bad faith penalties, including but not limited to common law bad faith;

(f)     Physical pain and emotional pain and suffering;

(g)     Statutory and discretionary costs;

(h)     Post-judgment interest;

(i)     Incidental and consequential damages as a result of the Defendants' breach of contract;

(j)     Treble damages and attorney fees as a result of Defendants' violation of the Tennessee Consumer Protection Act;

(k)     All costs incurred in pursuing Defendants;

(l)     Punitive damages;

(m)     Such other and further relief, general, equitable and specific, to which Plaintiff, Marcella Johnson, may be entitled in these premises.

Plaintiff, Marcella Johnson, demands Defendants attach a copy of the group insurance policy to their Answers pursuant to T.C.A. §56-7-107.

Plaintiff, Marcella Johnson, demands a jury to try these issues.

Respectfully submitted,

_____
JAMES W. COOK      (8760)
Attorney for Plaintiff
9057 Valley Crest Lane, Suite 102
Germantown, Tennessee 38138
Phone: (901) 753-5898
Fax: (901) 753-5829

Complete and return the Enrollment Form below to apply for life insurance.

Check one:  ☒ I want to become an AARP member. I understand I will be billed $16.00 for a full year of membership.   ☐ I'm already an AARP member. My membership number is _____

To join AARP without applying for life insurance, check the first box above. Return the blank form in the envelope provided.

## MEMBER ENROLLMENT FORM
Request for Group Insurance • AARP Level Benefit Term Life

**AARP** | Life Insurance Program

New York Life Insurance Company
3003 West Cypress • Tampa, FL 33607-1707

X301-157-451   Please respond by: October 30, 2013

**MEMBER ENROLLMENT** Please complete in ink.

Marcella Johnson
4829 Mayfield Rd W
Collierville, TN 38017-3312

Social Security No.: 4 1 1 - 9 2 - 0 5 6 8
Date of Birth: 4 / 14 / 54
Daytime Phone Number: (901) 486-7010
☐ Male  ☒ Female

**COVERAGE AMOUNT REQUESTED** (Check Only One Coverage)
☐ $7,500  ☐ $15,000  ☐ $25,000  ☐ $50,000  ☒ $100,000

**BENEFICIARY DESIGNATION**
Sherman R Johnson SR  Husband  100%

**SPOUSE/PARTNER ENROLLMENT** (Can apply Even If Member Does Not)

Sherman R. Johnson SR
Social Security No.: 4 0 8 - 6 8 - 3 0 2 0
Date of Birth: 7 / 29 / 55
☒ Male  ☐ Female

**COVERAGE AMOUNT REQUESTED** (Check Only One Coverage)
☐ $7,500  ☐ $15,000  ☐ $25,000  ☐ $50,000  ☒ $100,000

**BENEFICIARY DESIGNATION**
Marcella E Johnson  Wife  100%

**A. PAYMENT OPTIONS** (Send No Money Now)
I wish to be billed (check one): ☒ Monthly  ☐ Quarterly  ☐ Semi-annually  ☐ Annually

**B. STATEMENT OF HEALTH** (Each Applicant Must Check YES or NO For All 3 Questions)

|  | MEMBER | SPOUSE |
|---|---|---|
| 1. In the past 2 years, have you had treatment or medication for or been diagnosed by a doctor as having heart trouble, stroke, cancer, lung disease or disorder, diabetes, liver or kidney disease, AIDS, AIDS Related Complex, or immune system disorder? | ☐ YES ☒ NO | ☐ YES ☒ NO |
| 2. In the past 2 years, for any condition, have you been admitted to or confined in a hospital, sanitarium, nursing home, extended care or special treatment facility? | ☐ YES ☒ NO | ☐ YES ☒ NO |
| 3. In the past 3 months, have you consulted a doctor or had treatment, medication or diagnostic tests of any type? (Note: You are not required to report negative AIDS or HIV tests.) | ☐ YES ☒ NO | ☐ YES ☒ NO |

Please supply full details for health questions answered "Yes". List date(s) of onset below, along with types of treatment, medicines and dosage. (Please print. Attach a separate sheet if needed.)

**MEMBER DETAILS**

**SPOUSE DETAILS**

**C. READ AND SIGN BELOW**

Is the insurance applied for intended to replace, discontinue or change any existing insurance or annuity? ☐ YES ☒ NO

I understand that insurance will be effective on the date of the certificate, provided my premium is received within 31 days of such Insurance Date. I understand that premium payment for insurance does not mean there is any coverage in force before the effective date as specified by New York Life ("NYL"). If material facts have been misstated here, benefits may be denied if the insured's death occurs within the first two years after the Insurance Date. I understand that AARP membership is required for Program eligibility. I represent that, to the best of my knowledge and belief, the information on this request is true and complete. Note: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

I authorize any physician, hospital, health care provider, pharmacy, pharmacy benefit manager or medical information retrieval service to release my medical information and my prescription drug history to NYL to determine my eligibility for life insurance. This information may be subject to further disclosure as required by law and may no longer be protected by the rules governing this authorization. I may revoke this authorization at any time by notifying NYL in writing at the address on this form, except to the extent that NYL has collected information or taken action in reliance on it. This authorization may be used for 3 months from the date signed below unless revoked. This authorization must be signed and dated as a condition of obtaining this insurance. I will receive a copy of this authorization.

X _Marcella E. Johnson_  PO Box  X _Sherman R. Johnson_   10/18/13

Form GPA-AM (1)-CF

**EXHIBIT 1**

# IMPORTANT NOTICE

**CERTIFICATE** — This Certificate is a summary of the provisions of the POLICY. It should be kept in a safe place. It is not a contract of insurance. Any conflict between the terms of the Certificate and the POLICY will be decided in favor of the POLICY. A copy of the POLICY is available at the Policyholder's office for inspection at any time during business hours. The OWNER should contact US with questions regarding insurance.

**CONFORMITY WITH STATE LAWS AND/OR REGULATIONS** — Any provision of the POLICY which is in conflict with any law and/or regulation of its Contract State or any applicable extraterritorial law and/or regulation of any other state in which the INSURED and/or OWNER is a resident on the Insurance Date, is amended to conform to the minimum requirements of such law and/or regulation.

**CONTINUATION OF COVERAGE** — Except as stated in the When Insurance Ends section, once insurance becomes effective coverage will continue even if: (a) the POLICY with AARP ends, (b) the INSURED ceases to be an AARP member, or (c) the POLICY is amended to end the eligible class of which the INSURED is a member.

**ERRORS** — Errors, or delays in keeping records, by US will: (a) not revoke insurance otherwise in force; (b) not continue insurance which otherwise would have ended; and (c) upon discovery, require fair adjustment of remittances and/or insurance to correct the error.

**EXAMINATION** — WE, at OUR own expense, have the right and opportunity to examine the medical records of the deceased in order to determine the cause of death.

**INCONTESTABILITY** — Except for nonpayment of PREMIUMS, WE cannot contest the validity of the insurance or reinstated insurance after it has been in force for two years during the INSURED's lifetime from: (1) the INSURANCE DATE, and (2) the date the insurance is reinstated, if applicable. To contest, WE will only rely upon statements signed by the OWNER in applying for such insurance. A copy of all statements must be furnished to the OWNER or to the beneficiary. Such statements are representations, not warranties.

**MISSTATEMENTS** — If relevant statements of AGE AT ISSUE or sex were not accurate for any person: (a) a fair adjustment of remittances and/or insurance will be made; and (b) based upon the facts, WE will decide whether, and what, insurance is valid under the POLICY. If the AGE AT ISSUE or sex is incorrect but such person would have qualified as an ELIGIBLE MEMBER on the INSURANCE DATE with the correct information, the amount payable under the POLICY will be the amount the PREMIUMS would have purchased at the correct AGE AT ISSUE or sex.

**POLICY CHANGES** — The POLICY can be changed: (a) at any time by written agreement between US and the Policyholder; and (b) without the consent of any other person.

**PREMIUM** — The PREMIUM increases at five year AGE bands as follows: 45-49, 50-54, 55-59, 60-64, 65-69, 70-74 and 75-79. The PREMIUM for each five year AGE band will be based on the INSURED's then current AGE. The PREMIUM is subject to change at any time on a class basis.

**RIGHT TO CONTINUE COVERAGE TO AGE 80** — The INSURED's coverage can continue to AGE 80. The PREMIUM for the continued coverage increases as described in the Premium provision above.

**OTHER DETAILS** — On all stated days and dates, insurance begins at 12:01 A.M. and insurance ends at midnight as applicable to the INSURED.


EXHIBIT 2

AA-68
CMP C NOTICE

4